

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS

ATTORNEY GENERAL

Hon. Homer D. Eck
County Auditor
Fayette County
La Grange, Texas

Dear Mr. Eck:

Opinion No. 0-6102
Re: Would officer serving
    subpoena on out of
    county witness in
    inquest be entitled to
    fee? Also would witness
    be entitled to fee?

    Your opinion request of recent date has been received and is herein quoted, as follows:

    "Recently an accident occurred on a State Highway, near Schulenburg, Texas, in which six lives were taken. The Justice of the Peace holding the inquest is of the opinion a witness residing in Houston, Harris County, Texas, is a material witness and would like to issue a subpoena. Since Fayette County like Harris County operates under the Officers' Salary law, we are at a loss how a case of this character should be handled. Therefore, I am requesting your opinion on the questions;

    "1. Would the officer serving the subpoena be entitled to a fee?

    "2. If the officer serving the subpoena and/or the witness be entitled to fees, mileage, per Diem, etc., would Fayette County or the State of Texas be liable for the fees?"

    Article 968, Code of Criminal Procedure of Texas, 1925, provides as follows:

    "Any Justice of the Peace shall be authorized, and it shall be his duty, to hold inquests without a jury within his county, in the following cases:

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"1.  When a person dies in prison

"2.  When any person is killed, or from
any cause dies an unnatural death,
except under sentence of the law,
or in the absence of one or more
good witnesses.

"3.  When the body of a human being is
found, and the circumstances of his
death are unknown.

"4.  When the circumstances of the death
of any person are such as to lead to
suspicion that he came to his death
by unlawful means.

Article 974, of said Code, provides as follows:

"The Justice may issue subpoenas to enforce
the attendance of witnesses upon an inquest and
may issue attachments for those subpoenaed who
fail to attend."

We can find no fee allowed by statute for the execu-
tion of such subpoenas of attachments in inquests of this nature.

To entitle an officer to receive fees or commissions,
the receipt thereof must have been provided for and the amount
fixed by law. 34 Texas Jur. p. 522.

As inquests upon dead bodies are not felony proceed-
ings, we know of no statutory authority for the payment of fees
by either the State or a county to witnesses attending such
hearings.

Therefore, in answer to your questions, you are
advised that neither the officer serving the process nor the
witness attending the hearing would be entitled to a fee.

We suggest that under a grand jury investigation of
this matter, if any investigation be necessary, material witnesses

residing outside the county could be subpoenaed, or
attached, to appear before the grand jury, and the officer
serving such process, if he is on a fee basis, would be
entitled to his fee, also such witnesses would be entitled
to mileage and per diem.  For the proper fund out of which
such officers' fees are to be paid in counties operating on
a salary basis, see the enclosed copy of our Opinion No. O-155.

   Trusting this satisfactorily answers your inquiry,
we are

        Yours very truly

       ATTORNEY GENERAL OF TEXAS


       BY (s) Robert L. Lattimore, Jr.
         Assistant

RLL:RT
RLL:FO
ENC.1


APPROVE JUL 13, 1944
(s) Geo. P. Blackburn
(Acting) ATTORNEY GENERAL
     OF TEXAS

          APPROVED OPINION COMMITTEE
          BY (S) BWB, CHAIRMAN